UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S&shy;HAWN G&shy;ROSSMAN, #621120,

  Plaintiff,         Hon. Philip J. Green

v.              Case No. 1:23-cv-500

M&shy;ICHAEL S&shy;CHUTT, et al.,

  Defendants.
_____/

## OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 56). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment, (ECF No. 1, 23). For the reasons articulated herein, Defendant's motion will be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action asserting numerous claims against several Michigan Department of Corrections (MDOC) officials, including Sergeant Michael Schutt who is the only defendant remaining in this matter. (ECF No. 1, 5-6). With respect to Schutt, Plaintiff alleges the following. On December 16, 2021, Defendant Schutt arrived at Plaintiff's cell. Schutt began "kicking and screaming" in an effort to wake Plaintiff. When this proved ineffective, Schutt opened the food slot an "threw some liquid directly in [Plaintiff's] face." Schutt then entered Plaintiff's cell

and punched Plaintiff in the face. Plaintiff alleges that Defendant Schutt utilized excessive force in violation of his Eighth Amendment rights. Defendant Schutt now moves for summary judgment. Plaintiff has responded to Defendant's motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-

2

moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. Const. amend. VIII. The excessive use of force which results in the unnecessary and wanton infliction of pain violates this provision. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Claims alleging the excessive use of force have both a subjective and an objective component. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

3

The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was "sufficiently serious" to implicate the Eighth Amendment. *Ibid.* To be "sufficiently serious," the prison official's act or omission must deny the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). While the Eighth Amendment does not prohibit every *de minimis* use of physical force, where "prison officials maliciously and sadistically use force to cause harm," contemporary standards of decency "always are violated" regardless whether the force applied was *de minimis* or resulted in injury. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7.

4

The absence of injury, while relevant, is not dispositive. *Ibid.* As the Supreme Court recently observed:

> When prison officials maliciously and sadistically use force to cause harm, the Court recognized, contemporary standards of decency always are violated. . .whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.
>
> This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry. [T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson,* not every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

*Wilkins v. Gaddy*, 559 U.S. 34, 36-38 (2010) (internal citations and quotations omitted).

Plaintiff alleges that Defendant Schutt violated his Eighth Amendment rights by throwing water at him and then punching him in the face. (ECF No. 1, PageID.3). In support of his motion for summary judgment, Defendant Schutt has submitted an affidavit (ECF No. 57-6, PageID.444-46) in which he asserts the following.

On the morning in question, Defendant was instructed to perform a "wellness check" on Plaintiff. This obligated Defendant to "get a visual" on Plaintiff "to make sure [he was] physically safe." Upon arriving at Plaintiff's cell, Defendant attempted to get Plaintiff's attention. Plaintiff, however, simply ignored Defendant. Defendant then exited the area and returned with a flashlight, which he shone into Plaintiff's cell, via the food slot, in an attempt to get Plaintiff's attention. When Plaintiff responded that he wanted a glass of water, Defendant complied. But, when Defendant extended the glass through the food slot, Plaintiff knocked it from his hand. At this point, Defendant requested assistance from another officer, Ian Rideout. When Defendant and Rideout returned to Plaintiff's cell, Defendant "quickly reached in [Plaintiff's cell], pulled the sheets back and saw [that Plaintiff] looked to be physically fine." Defendant and Rideout then exited the area.

Defendant Schutt has also submitted an affidavit executed by Ian Rideout. (ECF No. 57-8, PageID.450-51). In his affidavit, Rideout asserts the following. On December 16, 2021, Rideout was asked to assist Defendant Schutt "with a wellness check on inmate Shawn Grossman." When Schutt and Rideout arrived at Plaintiff's cell, Plaintiff "had a sheet covering him." Defendant Schutt then "pulled the sheet back so that we could visually see him." Defendant Schutt "never touched" Plaintiff.

Defendant Schutt has also submitted the video recording of the incident in question. (ECF No. 61). The video refutes Plaintiff's version of events, specifically Plaintiff's assertion that Defendant Schutt threw water on him and punched him. Rather, the video confirms Defendant Schutt's version of events detailed above. As

6

is well recognized, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Rather, the Court should "view[] the facts in the light depicted by the videotape." *Id.* at 380-81; *see also*, *Whittaker v. Leonard*, 2025 WL 2924594 at *2 (W.D. Mich., Aug. 14, 2025) (same).

As noted above, Plaintiff must present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack*, 434 F.3d at 813-14. Other than assertions that are refuted by video evidence, Plaintiff has failed to present evidence creating a genuine issue for trial. Thus, Defendant has satisfied his burden to demonstrate the absence of genuine factual dispute necessitating a trial. Accordingly, Defendant Schutt is entitled to summary judgment.

## CONCLUSION

In conclusion, for the reasons articulated herein, Defendant's Motion for Summary Judgment (ECF No. 56) is **GRANTED** and this action terminated. The Court further finds that an appeal by Plaintiff of this decision would be frivolous and not in good faith. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A Judgment consistent with this Opinion will enter.

Date: December 3, 2025                          /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge